ADVISORY OPINION TO THE GOVERNOR.

Filed June 2, 1915.

In the Supreme Court of Florida.

January Term, A. D. 1915.

1. A Circuit Judge continues to be the Judge in the County of his residence, irrespective of legislative changes in the Circuit embracing that county.

2. The Justices are not authorized in an advisory opinion to construe statutes.

State of Florida, Executive Chamber,

Tallahassee, May 31, 1915.

*To the Honorable Justices of the Supreme Court of Florida.*

Gentlemen—

The Legislature of this State at its present session has passed an Act entitled:

"An Act Creating an Additional Judicial Circuit in the State of Florida to be designated the Twelfth Judicial Circuit and Providing for Two Additional Circuit Judges therefor, and Defining and Fixing the Territorial Limits and Boundaries of the Fourth, Eighth and Twelfth Judicial Circuits and Prescribing when said Circuit Courts shall take Jurisdiction and the Effect on Pending Cases

and the Time for Holding the Term of Court in the Fourth and Twelfth Judicial Circuits."

The Act, as its title indicates, has created another Judicial Circuit known as the Twelfth Judicial Circuit of Florida, consisting of Duval and Nassau Counties, and has assigned to the previously existing Fourth Judicial Circuit Putnam County, in addition to Clay and St. Johns Counties, which were previously a part of the Fourth Circuit. A copy of the Act in question, duly certified by the Secretary of State is attached to and made a part of this communication. At the time of such division of the Fourth Judicial Circuit and the creation of the Twelfth Judicial Circuit, by the legislation above referred to, the Judge holding office as Judge of the Fourth Judicial Circuit was and still is Honorable George Couper Gibbs. At the time of such division Judge Gibbs was residing and still resides in Duval County, which County under the Act is now included in the Twelfth Judicial Circuit.

In the circumstances above stated it has become and is essential for the Governor of Florida to determine whether under the provisions of Sections 8 and 35, as amended, of Article V of the Constitution of Florida, it is the duty of the Governor to appoint another Judge of the Fourth Judicial Circuit, as now constituted by the above Act, or whether Judge Gibbs, the present incumbent, continues in office as Judge of the Fourth Judicial Circuit as re-constituted by the Act of the Legislature above mentioned. Section 8, as amended, of Article V of the Constitution, provides that "the Circuit Judges holding office at the time of such division shall severally continue in office until the expiration of their then existing terms

as Judges of the Circuits respectively in which under such division the County of his residence may be included, and a Judge for the additional Circuit shall be appointed for a term equal to the unexpired term of other Circuit Judges, upon such division being made." Section 8, as amended, increased the number of Judicial Circuits from seven to eight. Section 35, as amended, subsequently removed the limitation of the number of Judicial Circuits and authorized the Legislature to establish additionad Judicial Circuits from time to time, and provided for the appointment by the Governor and the confirmation by the Senate of additional Circuit Judges whose terms of office and general jurisdiction should be the same as is provided in the Constitution for other Circuit Judges.

I am in doubt whether the above quoted provisions of amended Section 8 apply to the appointment of Judges of the Circuit Courts for Circuits established under amended Section 35. A proper interpretation of amended Section 8 may restrict its operation to the original eight circuits and the eight Circuit Judges whose offices are provided for by said amended Section 8. On the other hand, amended Section 8, of Article V, might be inter-preted in connection with amended Section 35, of the same Article, so as to extend to the additional Circuit Courts and Circuit Judges created and appointed under amended Section 35 all of the provisions of amended Section 8 which relate to the tenure of Circuit Judges holding office at the time of the creation of an additional Circuit. The importance and difficulty of these questions of interpre-tation are evident, especially in view of the fact that either of the interpretations suggested in this letter may be fairly urged as having sound support in the Constitution itself.

Therefore, pursuant to Section 13 of Article IV of the Constitution, the opinion of the Judges of the Supreme Court is hereby required by the Governor of Florida as to the interpretation of Sections 8 and 35 as amended, of Article V of the Constitution, affecting the executive power and duty of the Governor to appoint a Judge of the Fourth Judicial Circuit of Florida, as constituted by the above Act, in lieu and stead of Judge Gibbs, if Judge Gibbs continues in office as Judge of the Twelfth Judicial Circuit by reason of his residence in Duval County; or, in the circumstances stated, if Judge Gibbs continues to be Judge of the newly constituted Fourth Judicial Circuit, as to the duty of the Governor not to make an appointment of a Circuit Judge of said Fourth Judicial Circuit.

The point upon which the opinion of the Judges of the Supreme Court is required may be stated in another way as follows:

Under the statute and facts hereinabove stated, is it the duty of the Governor of Florida to appoint a Judge of the Fourth Judicial Circuit of the State of Florida or a judge of the Twelfth Judicial Circuit of the State of Florida, either or both, as such Circuits are constituted by the Act of the Legislature above referred to, assuming that the Judge of the Fourth Circuit, as formerly constituted, has never resided and does not now reside in any County within said Fourth Judicial Circuit as now constituted by law?

Respectfully,

PARK TRAMMELL,
Governor of Florida.

An Act Creating An Additional Judicial Circuit in the State of Florida to be Designated the Twelfth Judicial Circuit and Providing for Two Additional Circuit Judges therefor, and Defining and Fixing the Territorial Limits and Boundaries of the Fourth, Eighth and Twelfth Judicial Circuits and Prescribing When said Circuit Courts shall take Jurisdiction and the Effect on Pending Cases and the Time for Holding The Term of Courts in the Fourth and Twelfth Judicial Circuits.

*Be It Enacted by the Legislature of the State of Florida:*

Section 1. There is hereby created and established an additional judicial circuit in the State of Florida to be known and designated the Twelfth Judicial Circuit of the State of Florida. This additonal judicial circuit shall be composed of the counties of Duval and Nassau. And for this additional judicial circuit there shall be appointed by the Governor and confirmed by the Senate two additional circuit judges, other than the Judge of the Circuit Court for Duval County under Section 42 of Article V of the Florida Constituton.

Section 2. The Fourth Judicial Circuit of the State of Florida shall be composed of the Counties of St. Johns, Clay and Putnam.

Section 3. The Eighth Judicial Circuit of the State of Florida shall be composed of the Counties of Alachua, Bradford, Levy and Baker.

Section 4. On and after the seventh day of June, A. D. 1915, the circuit courts of the Fourth, Eighth and Twelfth Judicial Circuits respectively then composed of the counties as hereinbefore set forth shall exercise juris-

diction over their circuits respectively; provided that the judges and state attorneys of the Fourth and Eighth Judicial Circuits respectively holding office at and before the time this Act becomes a law shall continue without change to exercise jurisdiction over their existing circuits and in the counties therein respectively until midnight at the beginning of the seventh day of June, A. D. 1915, and in the event said additional judges are not then appointed and qualified, until said additional judges shall have qualified.

Section 5. The Circuit Court cases, suits and proceedings pending in the various counties hereinbefore named, shall continue pending therein, whether in one circuit or another, and no civil or criminal case, suit, cause or proceeding, in equity, at law, statutory or otherwise, and no writ, process, pleading, motion, information, presentment, indictment, order, finding, decree, judgment or sentence, shall abate, or be quashed, set aside, reversed, qualified, dismissed or defeated, or be held as error, by reason of the creation, establishment or organization of the Twelfth Judicial Circuit or of the change in the circuits or of this division or of any designation of the number of the circuit or by reason of this law or of any part of this law.

Section 6. There shall be a State Attorney for the Twelfth Judicial Circuit who shall be appointed by the Governor and confirmed by the Senate and hold office for the term provided by the Constitution.

Section 7. That the time for holding the terms of the Circuit Court in and for the Fourth Judicial Circuit shall be as hereinafter fixed. There shall be two regular terms of said court held in each county of the Fourth

Judicial Circuit, each year, to be known as the Spring and Fall Term. The Spring Term of the Circuit Court for the said Fourth Judicial Circuit shall commence in the County of Clay on the second Monday in April, in the county of St. Johns on the second Monday in May, and in the County of Putnam on the second Monday in June. The Fall Term of said Court shall commence in the County of Clay on the third Monday in October, in the county of St. Johns on the third Monday in November, and in the County of Putnam on the second Monday in December.

Section 8. There shall be four terms of the circuit court for the Twelfth Circuit for Duval County beginning in each year on the first Tuesday after the first Monday of January, April, July and October, and any term may extend or continue into the succeeding term pursuant to rules made from time to time by the circuit judges or a majority of them residing in said county, and said rules may fix the period of time for the extension, and may limit the application of the extension of the expiring term to a particular case or cases or to a particular class of matters; by like rules a future date may be arbitrarily fixed as to one or more of the various classes of cases for the end of the term without regard to the beginning of a new term above indicated or the adjournment or contin-uance of a pending term; the first term shall begin as soon after the organization as may be, by order of said circuit judges and without regard to the day of the week or month as above indicated.

Section 9. There shall be two regular terms of the Circuit Court for the Twelfth Judicial Circuit for Nassau County, in each year, the Spring Term to begin on the Third Monday in April and the Fall Term to begin on the

first Monday in November. A Special Term may be held pursuant to law or whenever ordered by the two circuit judges for said circuit court. The Circuit Judge holding the older commission at the time shall preside or else direct the other circuit judge to preside; but the exercise of jurisdiction in term time or in vacation by either circuit judge shall be valid.

Section 10. All laws and parts of laws inconsistent with this law or any part hereof be and the same is hereby repealed.

Section 11. This law shall take effect at midnight at the beginning of the seventh day of June, A. D. 1915.

STATE OF FLORIDA

Office Secretary of State

} SS.

I, H. Clay Crawford, Secretary of State of the State of Florida, do hereby certify that the foregoing is a true and correct copy of the Original Enrolled Act:

"An Act Creating an Additional Judicial Circuit in the State of Florida to be Designated the Twelfth Judicial Circuit and Providing for Two Additional Circuit Judges Therefor, and Defining and Fixing the Territorial Limits and Boundaries of the Fourth, Eighth and Twelfth Judicial Circuits and Prescribing When said Circuit Courts shall take Jurisdiction and the Effect on Pending Cases and the Time for Holding the Term of Court in the Fourth and Twelfth Judicial Circuits," Session Laws of 1915, and filed in this office.

Given under my hand and the Great Seal of the State of

---

Advisory Opinion to the Governor.

---

Florida, at Tallahassee, the Capital, this the thirty-first day of May, A. D. 1915.

(SEAL) ,                                    H. CLAY CRAWFORD,
                                                    Secretary of State.

Tallahassee, Florida, June 2nd, 1915.

*To His Excellency,*
        *Park Trammell,*
                *Governor of Florida:*

Sir:—

In reply to your communication of the 31st ultimo, we are of the opinion that Judge Gibbs, under Section 8, Art. V of the Constitution as amended, continues during the life of his Commission, to be the Circuit Judge for the Judicial Circuit that includes Duval, the county of his residence, irrespective of changes that may be made by legislation affecting the Circuit embracing that county.

As to your power or duty to appoint a Judge for a Circuit to be composed of the Counties of St. Johns, Putnam and Clay, the solution of this portion of your inquiry involves a construction of the fourth section of the Act, and we are not authorized to answer such questions.

Very respectfully,

R. F. TAYLOR,
T. M. SHACKLEFORD,
R. S. COCKRELL,
W. H. ELLIS,

Justices of the Supreme Court of Florida.