*In re:* ADVISORY OPINION TO THE GOVERNOR.

En Banc.

Opinion Filed April 30, 1927.

1. Under the provisions of Chapter 10088, Acts of 1925, providing for the appointment of an additional Circuit Judge for the Eighth Judicial Circuit the requirement that the appointee should reside in Alachua County was not a condition precedent to the validity of an appointment to such office.

2. The creation by the Legislature of 1927 of the Twenty-Sixth Judicial Circuit consisting of some of the counties originally composing the Eighth Judicial Circuit and providing for the appointment of a Circuit Judge therefor repealed Chapter 10088, Acts of 1925, but did not affect the term, salary or jurisdiction of the additional Judge for the Eighth Judicial Circuit who was and is residing in one of the counties composing the new Twenty-Sixth Judicial Circuit.

3. The Additional Circuit Judge of the Eighth Judicial Circuit, appointed under Chapter 10088, Laws of 1925, and who has his residence in one of the counties of the former Eighth Circuit now in the Twenty-Sixth Circuit becomes Circuit Judge of that Circuit holding under his commission as Additional Circuit Judge for the Eighth Judicial Circuit.

## STATE OF FLORIDA,

EXECUTIVE CHAMBER,

Tallahassee, April 29, 1927.

*To the Honorable Justices of the Supreme Court of Florida:*

Gentlemen:

The present Session of the Legislature has passed an Act entitled:

''AN ACT Defining and Fixing Territory and Boundaries of the Eighth Judicial Circuit; Creating the Twenty-sixth Judicial Circuit; Providing for a Circuit Judge and State Attorney in the Twenty-sixth Judicial Circuit; and Providing and Fixing Time for the Holding of Terms of the Circuit Court in said Twenty-sixth Circuit; and Effecting on Pending Litigation, and Making Appropriation for Payment of Salaries of Judge and State's Attorney.''

Section 1 of this Act reads:

''That the Eighth Judicial Circuit of the State of Florida, heretofore composed of the Counties of Baker, Bradford, Union, Alachua, Gilchrist, Levy, Putnam and Flagler, shall hereafter be composed and constituted of the Counties of Levy, Alachua, Gilchrist, Putnam and Flagler alone; the terms of said Court shall be as heretofore fixed by law in said Counties of Alachua, Gilchrist, Levy, Putnam and Flagler.''

Certified copy of this Act is attached to this communication for the information of the Court.

The constitutional provisions relating to and governing Circuit Judges, creating additional circuits and creating additional judgeships in circuits, respectively, are:

Provision in Section 8 of Article V reads:

''The Circuit Judges holding office at the time of such

division shall severally continue in office until the expiration of their then existing term of office as judges of the circuits respectively in which, under such division, the County of his residence may be included; and a judge for the additional circuit shall be appointed for a term equal to the unexpired term of the other Circuit Judges upon such division being made."

Section 35 of Article V of the Constitution reads:

"No Courts other than herein specified shall be established in this State, except that the Legislature may provide for the creating and establishment of such additional Judicial Circuits as may from time to time become necessary, and for the appointment by the Governor and confirmation by the Senate of additional Circuit Judges therefor whose terms of office and general jurisdiction shall be the same as is herein provided for the Circuit Judges herein already provided for, and may clothe any Railroad Commission with judicial powers in all matters connected with the functions of their office."

In this Section 35 it provides:

"* * * whose terms of office and general jurisdiction shall be the same as herein provided for the Circuit Judges herein already provided for * * *."

One question is:

Does this provision relate back to the provision in Section 8 of the Constitution, that:

"The Circuit Judges holding office at the time of such division shall severally continue in office until the expiration of their then existing term of office as Judges of the Circuits respectively in which, under such division, the County of his residence may be included; and a Judge for the additional Circuit shall be appointed for a term equal to the unexpired term of the other Circuit Judges upon such division being made."

The Legislature of 1921 proposed an amendment to Article V of the Constitution,. by incorporating therein Section 43. This amendment was ratified and adopted at the General Election in 1922.

This Section 43 authorizes:

''The Legislature may from time to time and as the business of any Circuit requires, provide for the appointment of one or more additional Circuit Judges for such Circuit. * * * and shall hold office for six years * * *. No additional Circuit Judge or Judges shall be authorized to be appointed in a Circuit having less than 75,000 inhabitants by the last Federal or State census occurring next before the passage of the law for his or their appointment. The Legislature may repeal any law providing for the appointment of an additional Circuit Judge, or additional Circuit Judges for a Circuit, but such repeal shall not affect the term, salary and jurisdiction of a Judge holding an appointment.''

By the State census of 1925 the Eighth Judicial Circuit as then composed had a population of 79,908.

By Chapter 10088, Acts of 1925, an additional Circuit Judge was provided for the Eighth Judicial Circuit.

In this Act it was provided that the additional Judge should reside in Alachua County.

Under the provisions of this Chapter 10088, Acts of 1925, Honorable A. Z. Adkins was appointed and commissioned the additional Circuit Judge for the Eighth Judicial Circuit. The said A. Z. Adkins, as such additional Circuit Judge, has resided and is now residing in Bradford County, in said Circuit, and was commissioned as such Circuit Judge for a term of six years from 1925.

At the present session of the Legislature, 1927, the Act above mentioned was passed, dividing the Eighth Judicial

Circuit and creating the Twenty-sixth Judicial Circuit, composed of the Counties of Baker, Bradford and Union.

Under the provisions of the Act creating the Twenty-sixth Judicial Circuit it becomes necessary that said Circuit have a constitutionally appointed and commissioned Judge.

Under the provisions of Section 43 of Article V of the Constitution, and of Chapter 10088, Acts of 1925, Hon. A. Z. Adkins is the duly appointed and commissioned additional Circuit Judge of the Eighth Judicial Circuit for a term of six years from 1925. His term, salary and jurisdiction cannot be taken away by the repeal of Chapter 10088.

Judge Adkins, as such additional Circuit Judge for the Eighth Judicial Circuit, resides in Bradford County, now the Twenty-sixth Circuit.

Under the provisions of Section 8 of Article V of the Constitution, does Judge A. Z. Adkins automatically become the Judge of the Twenty-sixth Judicial Circuit, or, under the Constitution, is it necessary for the Governor to appoint, for confirmation of the Senate, a Judge for the newly created Twenty-sixth Judicial Circuit?

Respectfully,

JOHN W. MARTIN,
Governor of Florida.

SUPREME COURT OF FLORIDA.

Tallahassee, April 29, 1927.

Hon. John W. Martin,
    Governor of Florida.

Sir:—

Your executive communication of the 29th inst., requesting an opinion upon the matters stated therein, has been duly considered. Replying thereto, you are advised that

the fact that Honorable A. Z. Adkins, who was appointed under the provisions of Chapter 10088, Acts of 1925, to be the additional Circuit Judge for the Eighth Circuit, did not reside in Alachua County, which at that time composed part of the Eighth Judicial Circuit, does not *ipso facto* affect the validity of his commission as additional Circuit Judge for that Circuit to the degree of rendering the appointment invalid.

The Act passed at the present session of the Legislature, 1927, to which you referred as creating the Twenty-sixth Judicial Circuit, provides for the appointment of a Circuit Judge therefor ''who shall be appointed and confirmed and hold office for the term as provided for Circuit Judges.''

The Twenty-sixth Judicial Circuit, as created by the Act of 1927, above referred to, consists of the three counties of Baker, Bradford and Union, which constituted part of the original Eighth Judicial Circuit. The new Judicial Circuit embraces the County in which Hon. A. Z. Adkins, quondam ''additional Judge of the Eighth Judicial Circuit,'' resides. ·

Now, the term, salary and jurisdiction of a Judge holding an appointment under an Act of the Legislature providing for the appointment of an additional Circuit Judge for any Circuit cannot be affected by any subsequent Act of the Legislature repealing such Act.

The Act of 1927, to which you referred, creating the Twenty-sixth Circuit, repeals the Act providing for an additional Circuit Judge for the Eighth Circuit under which Honorable A. Z. Adkins was appointed, but as that repeal in no wise affected his term, salary or jurisdiction, he · continues as Judge of the Twenty-sixth Circuit, which embraces the County of his residence.

Sections 8, 35 and 43 of Article V of the Constitution all relate to the same subject: The division of the State into

Judicial Circuits; the appointment of Circuit Judges and additional Circuit Judges therefor, their terms of office, salary and jurisdiction; the terms of Court to be held in the Circuits; the exchange of Circuits and the residences of the Judges for the several Circuits. Those provisions should be taken and construed together. They together constitute one constitutional provision upon the subjects contained therein.

As Honorable A. Z. Adkins was residing at the time of the passage of the Act and is now residing in Bradford County, which is included in the Twenty-sixth Judicial Circuit, he is the Circuit Judge of that Circuit holding under his commission as additional Circuit Judge for the Eighth Judicial Circuit. See Advisory Opinion to Governor, 69 Fla. 653, 68 South. Rep. 849.

<div style="text-align:center">

Very respectfully,

W. H. ELLIS, C. J.,
J. B. WHITFIELD,
GLENN TERRELL,
LOUIS W. STRUM,
ARMSTEAD BROWN